# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| AIXA SANTIAGO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-00134 |
| | § | Judge Mazzant |
| WALMART INC. & JANE DOE | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Remand this lawsuit to the 493rd District Court of Collin County, Texas, where it originated (Dkt. #8). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED.**

## BACKGROUND

This is a personal injury case arising from a slip and fall at a Wal-Mart located in Collin County, Texas on August 9, 2022 (Dkt. #3 at p. 2). Plaintiff, Aixa Santiago (Santiago), has sued Defendant, "Walmart Inc." (properly named, "Wal-Mart Stores, Texas, LLC"), and its ostensible employee, Jane Doe, for negligence and gross negligence on theories of premises and vicarious liability (Dkt. #3 at pp. 2–5; Dkt. #10 at p. 1). Santiago alleges that while shopping at Wal-Mart facility #5866, she slipped and fell to the ground (Dkt. #3 at p. 2). Santiago contends that she "noticed a soapy substance on the ground" (Dkt. #3 at p. 2). Further, Santiago claims that neither any signage nor Wal-Mart employees were present to warn her of the soapy substance on the ground and its alleged attendant risks (Dkt. #3 at p. 2). For her injuries due to the fall, Santiago

seeks "over $1,000,000.00" in monetary relief (Dkt. #3 at p. 2). Wal-Mart denies each of the allegations in Santiago's Original Petition (Dkt. #4 at p. 1).

Santiago is an individual who resides in Collin County, Texas (Dkt. #3 at p. 1). "Walmart, Inc." is the named Defendant in Santiago's Original Petition (Dkt. #3 at p. 1). In its Notice of Removal, Wal-Mart averred that its proper name is "Wal-Mart Stores Texas, LLC" (Dkt. #1 at p. 1). Jane Doe is an unknown and unidentified purported employee of Wal-Mart (Dkt. #3 at p. 1; Dkt. #8 at p. 2; Dkt. #10 at pp. 2–4).

The citizenship of Wal-Mart Stores Texas, LLC, however, is more complex. Its Notice of Removal recites an exhaustive list of entities associated with Wal-Mart Stores, Texas, LLC. Specifically, it states:

> Defendant Wal-Mart Stores, Texas, LLC is now and was at the time of the filing of this action a Delaware [l]imited [l]iability [c]ompany with its principal place of business in Arkansas. The citizenship of a[] LLC is the same as the citizenship of all its members. Wal-Mart Real Estate Business Trust is the sole owner of Wal-Mart Stores Texas, LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole owner of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware [l]imited [p]artnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware [l]imited [l]iability [c]ompanies with their principal place[s] of business in Arkansas. Wal-Mart Stores, Inc. is the sole owner of Wal-Mart Stores East, LLC. Wal-Mart Stores, Inc. is a Delaware [c]orporation with its principal place of business in Arkansas.

(Dkt. #1 at p. 2). For the sake of simplicity, Wal-Mart Stores Texas, LLC, affiliated with the numerous entities listed above, will hereafter be called "Wal-Mart." As will be discussed, most of

2

Wal-Mart's recitation of its business structure is irrelevant to the Court's ultimate determination that Wal-Mart is a citizen of Delaware and Arkansas only.

Santiago filed her Original Petition on January 16, 2024, in the 493rd District Court of Collin County, Texas (Dkt. #3; Dkt. #8-3, Exhibit A at p. 11). She served Wal-Mart on the same day (Dkt. #1-4, Exhibit 4 at p. 1). At the time Wal-Mart removed the matter, Santiago had yet to serve Defendant Jane Doe (Dkt. #1-8, Supplement at p. 2). Wal-Mart filed its Answer and Jury Request on February 12, 2024 (Dkt. #3; Dkt. #8-3, Exhibit A at p. 11). On February 16, 2024, Wal-Mart filed its Notice of Removal (Dkt. #1). On March 11, 2024, Santiago filed her Motion to Remand this case to state court (Dkt. #8). Finally, on March 25, 2024, Wal-Mart responded, opposing remand (Dkt. #10). To this day, Santiago has not served Jane Doe.[1]

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. Civ. A. H–10–1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct.1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before

---

[1] Thus, seemingly, the ninety-day deadline for Plaintiff to serve Jane Doe has passed. *See* FED. R. CIV. P. 4. Not only does it appear that Plaintiff has not served Jane Doe, but it appears that Plaintiff has made no effort to do so.

3

final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

## ANALYSIS

### I.   Improper Joinder

The parties dedicated much of their briefing to the issue of improper joinder. In its Notice of Removal, Wal-Mart asserts that Santiago "fraudulently joined" Jane Doe (Dkt. #1 at p. 3). For that reason, it argues, Jane Doe's consent to removal is unnecessary, and her citizenship does not destroy diversity among the parties (Dkt. #1 at p. 3). In response, Santiago contends that she did not "fraudulently join[]" Jane Doe because "Jane Doe's negligence was the basis for all of Plaintiff's claims" (Dkt. #8 at p. 2). Santiago asserts that because Jane Doe is a proper party, and because Jane Doe is a citizen of Texas, removal is improper (Dkt. #8 at p. 2). Wal-Mart countered, maintaining that Jane Doe is not a proper party and further arguing, "Jane Doe is a fictitious party" that the Court should ignore in its jurisdictional inquiry (Dkt. #10 at pp. 2–4).

Wal-Mart is correct. The Court need not reach the issue of improper joinder to resolve the instant Motion. Under 28 U.S.C. § 1441(b)(1), "in determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." Jane Doe defendants are fictitious defendants under the removal statutes that "shall be disregarded" in a jurisdictional inquiry. *Id.*; *Weaver v. Metro. Life Ins. Co.*, 939 F.3d 618, 623 (5th Cir. 2019); *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 848 n.38 (5th Cir. 2014). Thus, 28 U.S.C. § 1441(b)(1) removes Jane Doe from the Court's consideration in deciding whether to remand this case.

To be sure, when determining whether removal is proper, the Court must similarly ignore improperly joined defendants. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). But

because the Court need not consider Jane Doe's citizenship as a fictitious defendant, it need not also assess whether Santiago properly joined Jane Doe.[2] *See Weaver*, 939 F.3d at 623. Further, Santiago does not contest that removal was timely and in accordance with proper procedure (*See* Dkt. 8). Accordingly, the only question before the Court is whether it has original jurisdiction over this matter. It does.

## II.     Jurisdiction Under 28 U.S.C. § 1332

Wal-Mart removed this matter pursuant to 28 U.S.C. §§ 1441 and 1332(a), asserting diversity jurisdiction as its only basis for subject matter jurisdiction (Dkt. #1 at p. 2). Rightly so, because Santiago's Original Petition does not raise a federal question sufficient for the Court to exercise subject matter jurisdiction (*See* Dkt. #3). Thus, the Court's inquiry here is limited to whether jurisdiction is proper under 28 U.S.C. § 1332(a).

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. A federal court has original subject matter jurisdiction over civil cases in which there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Santiago's Motion to Remand challenges both prongs of Section 1332(a). First, Santiago asserts that the parties lack complete diversity because "Jane Doe resides in Collin County[,] Texas" and "Walmart does business . . . and employs Jane Doe in Collin County, Texas" (Dkt.

---

[2] For the avoidance of doubt, even if the Court were to address the issue of improper joinder, the fact that Santiago did not serve Jane Doe within Rule 4's ninety-day window would not render Jane Doe's joinder improper per se. "Whenever federal jurisdiction in a removal case depends on complete diversity, the existence of diversity is determined from the fact of citizenship of the parties and not from the fact of service." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). A defendant does not automatically become improperly joined simply because the deadline to serve them has passed. *Monette v. Cox Commc'ns Louisiana*, L.L.C., No. CIV.A. 06-3425, 2006 WL 2524166, at *3 (E.D. La. Aug. 30, 2006).

# 8 at p. 2). Second, Santiago suggests that this case may not satisfy the amount in controversy requirement (Dkt. #8 at p. 2). Neither argument is availing.

### A. Diversity of Citizenship

Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between every plaintiff and every defendant. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). The party invoking jurisdiction under § 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). For diversity purposes, an individual is considered a citizen of the state where she is domiciled. *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985). An individual is domiciled where she has a fixed residence with the intent to remain there indefinitely. *Id*. A corporation is a citizen of every state in which it is incorporated and of the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center"—the place where its officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A limited liability company is a citizen of each state where its members or managers are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Temple Drilling Co v. La. Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991). Finally, a statutory business trust, as an unincorporated entity, "possesses the citizenship of all its members." *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 382 (2016); *Dawson v. Wal-Mart Stores, Inc.,* No. 4:23-CV-458-SDJ, 2023 WL 4303639, at *3 (E.D. Tex. June 30, 2023).

Here, the parties agree that Santiago is a natural person domiciled in Collin County, Texas (Dkt. #1 at p. 2; Dkt #3 at p. 1). As an unincorporated entity, Wal-Mart Stores Texas, LLC's citizenship turns on the citizenship of its members. *See Harvey*, 542 F.3d at 1080. Wal-Mart Stores

6

Texas, LLC has only one member: Wal-Mart Real Estate Business Trust, which Wal-Mart Property Co. owns entirely. (Dkt. #1 at p. 2). Wal-Mart Real Estate Business Trust is a "Delaware statutory business trust"—an unincorporated entity (Dkt. #1 at p. 2). *See also* DEL. CODE ANN. TIT. 12 § 3801(h)(i). "[T]he proper calculus for determining diversity jurisdiction [of a business trust] is the citizenship of each of the members or beneficiaries of a trust." *Dawson,* 2023 WL 4303639, at *3 (internal citations omitted). Here, the only member of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.—a Delaware corporation that operates its principal place in Arkansas.³ Thus, Wal-Mart Real Estate Trust is a citizen of only Arkansas and Delaware. *See id*; 28 U.S.C. § 1332(c)(1). Accordingly, Wal-Mart Stores Texas, LLC is a citizen of Arkansas and Delaware. *See id*. Indeed, Judge Sean Jordan, a District Judge in this Division, reached the same conclusion when faced with a motion to remand involving Wal-Mart's business structure in *Dawson v. Wal-Mart Stores, Inc.* just one year ago. *See* 2023 WL 4303639, at *4.

Santiago does not dispute that Wal-Mart Stores, Texas, LLC is, in fact, a limited liability company (Dkt. #1 at p. 2). Nor does she dispute the facts that support the above conclusion (Dkt. #1 at p. 2).⁴ Nonetheless, Santiago argues that diversity is lacking because, although Wal-Mart Stores Texas, LLC is not a citizen of Texas, Wal-Mart "do[es] business in [t]he [s]tate of Texas in Collin County as well as numerous other locations in the [s]tate of Texas" and employs Jane Doe in Texas (Dkt. #8 at p. 2). But Santiago's focus on Wal-Mart's business activities in Collin County

---

³ Because Wal-Mart Property Co. is a corporation, its citizenship is contingent on its place of incorporation and principal place of business alone. *See* 28 U.S.C. § 1332(c)(1). For this reason, Wal-Mart's recitation of the citizenships of its shareholders is irrelevant to determining whether complete diversity exists among the parties. *See id.*; *Dawson,* No. 4:23-CV-458-SDJ, 2023 WL 4303639, at *3 (noting the same on this precise issue).

⁴ Santiago did not respond to Wal-Mart's statement that its proper name for purposes of this lawsuit is Wal-Mart Stores, Texas, LLC (Dkt. #8 at p. 2). Instead, Plaintiff's Motion to Remand repeats, "Defendant Walmart is a [c]orporation" (Dkt. #8 at p. 2). Even if the proper defendant were Wal-Mart Stores, Inc. or Wal-Mart Property Co., that would not destroy diversity. Wal-Mart would remain a citizen of only Arkansas and Delaware (Dkt. #1 at p. 2).

is misplaced. "The citizenship of a LLC is determined by the citizenship of all of its members"—the mere fact that Wal-Mart Stores Texas, LLC conducts business in Texas does not change its citizenship or destroy complete diversity. *See Harvey*, 542 F.3d at 1080.

Because Santiago is a citizen of Texas, and because Wal-Mart is a citizen of Arkansas and Delaware only, there is complete diversity of citizenship between the parties.

### B. Amount in Controversy

Santiago also suggests that the amount in controversy requirement may be lacking here because "[a]lthough it is possible the amount in controversy exceeds $75,000.00, Plaintiff cannot say with any certainty that she will be claiming more than $75,000.00 at this time" (Dkt. #8 at p. 2). Moreover, Santiago asserts, "[she] will not be able to make a final decision as to the value of her claim until [d]iscovery is complete" (Dkt. #8 at p. 2). As the Court has addressed before, this argument lacks merit. *See Matthews v. United Road Services, Inc.*, 4:22-CV-00670, 2022 WL 17069114 at *3 (E.D. Tex. Nov. 17, 2022).

In the Fifth Circuit, "[i]f the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro v. Enter Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022). Thus, courts generally accept a plaintiff's good faith claim unless it is clear to a legal certainty from the face of the pleadings that the plaintiff cannot recover the amount claimed. *See, e.g.*, *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Through her Original Petition, Santiago "seeks monetary relief over $1,000,000.00" (Dkt. #3 at p. 2). Namely, she seeks to recover damages resulting from her fall and claims a plethora of actual damages including for physical pain and suffering, medical costs, mental anguish, physical impairment and disfigurement, and lost wages (Dkt. #3 at p. 5). The Court finds nothing on the

face of Santiago's pleadings that suggests her claim for "over $1,000,000.00" was not made in good faith.[5]

Therefore, the amount claimed in Santiago's Original Petition controls. *See Guijarro*, 39 F.4th at 314; *Matthews*, 4:22-CV-00670, 2022 WL 17069114 at *3. Accordingly, the amount in controversy requirement under § 1332 is satisfied. *See* 28 U.S.C. § 1332(a); *Guijarro*, 39 F.4th at 314; *Matthews*, 2022 WL 17069114 at *3.

Because the parties are completely diverse, and because the amount in controversy exceeds $75,000, the Court has original subject matter jurisdiction over this case. *See* 28 U.S.C. § 1332(a). Removal was, therefore, proper. *See* 28 U.S.C. § 1441(a).

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand to State Court (Dkt. #8) is hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 6th day of September, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[5] Even if Santiago's claim for over $1,000,000 was made in bad faith, it is clear that Santiago's potential recovery exceeds $75,000.